[Cite as *State v. Dunson*, 2016-Ohio-8365.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26990 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-1991/2 |
| v. | : | |
| | : | (Criminal Appeal from |
| JAMES L. DUNSON | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee


JAMES DUNSON, #A678-445, Warren Correctional Institution, Post Office Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant James L. Dunson appeals from an order of the trial

court overruling his post-conviction motion to vacate or stay the execution of court-imposed costs, fines, and restitution. Dunson argues that the financial obligations imposed as part of his criminal sentence should be waived based on his indigency and inability to pay. Alternatively, Dunson seeks a stay of execution or an affordable payment plan. The State asserts that the trial court did not abuse its discretion in determining that Dunson has the ability to pay based on the ability to attach his prison account, and that any challenge to the attachment of his prison account is not properly before this court.

{¶ 2} We conclude that the trial court abused its discretion by overruling Dunson's motion to waive, suspend or modify the payment of the court ordered costs,[1] without considering his indigency and ability to pay. That part of the order of the trial court is Reversed, and this cause is Remanded to allow the trial court to consider Dunson's motion based on his alleged indigency and inability to pay the court ordered costs. We conclude that the trial court did not abuse its discretion in overruling Dunson's motion addressed to restitution. Accordingly, that part of the trial court's order is Affirmed.

## I. The Course of Proceedings

{¶ 3} In 2013, Dunson was convicted on two counts of Murder (proximate result), in violation of R.C. 2903.02(B), along with two firearm specifications; one count of Aggravated Robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), along with a firearm specification; and one count of Aggravated Robbery (serious harm), in violation of R.C. 2911.01(A)(3), along with a firearm specification. For purposes of sentencing, the trial court merged the two murder counts, and the State elected to proceed to sentencing

---

[1] No fine was imposed.

on Count 1. The trial court also merged the Aggravated Robbery counts into Count One, merged the firearm specifications into one firearm specification, and sentenced Dunson to 15 years to life for Murder, and to an additional three-year term on the firearm specification. The termination entry also ordered Dunson to pay court costs, as well as restitution in the amount of $3,869.10. No fines were imposed. After the termination entry was filed, Dunson was sent a cost bill for $6,199.10. On appeal, we affirmed the judgment of the trial court. *State v. Dunson*, 2d Dist. Montgomery No. 25693, 2014-Ohio-234. After his original appeal, Dunson was sent a cost bill for $92.00 for court costs assessed in the appeal. Two years after his conviction, Dunson moved to vacate or stay court costs, fines, mandatory fines and/or restitution, or in the alternative, requested a payment plan or extension to pay the stated obligation. Dunson stated that he "is not attempting to avoid the financial obligations as properly determined by the court," but seeks repayment terms that are not unduly harsh. In the trial court, Dunson filed an affidavit of indigency with his motion, averring that he works at the prison and is paid $17 to $21 monthly, and that he is without sufficient funds to pay the required costs and fees. In his motion, Dunson further asserted that his monthly expenses ranged from $11 to over $21 per month for basic hygiene items and medical expenses. As an alternative, Dunson offered to set up a payment plan of $5 per month, which exceeds 25% of his average monthly income.

{¶ 4} The trial court did not hold a hearing, did not order a responsive pleading to the motion, and did not address the evidence Dunson submitted by affidavit. The State did not file a reply to Dunson's motion. Two days after Dunson's motion was filed, the trial court summarily overruled the motion, stating the following reasons:

> Upon review, the Court notes that Defendant made the choices

which led to the accrual of the fees at issue, and he must take responsibility for his conduct, as well as the resulting consequences. Moreover, there is no evidence that Defendant is unable to make any payment toward the costs at this time, or that he will not be able to make payments toward the fees once his term of incarceration ends. Therefore, the Court finds that it is not necessary to vacate or stay Defendant's fees in this matter, and OVERRULES Defendant's Motion to Vacate or Stay Court Costs, Fines, Mandatory Fines and/or Restitution.

Dkt. #16.

{¶ 5} From the order overruling the motion to vacate or stay costs and fees, Dunson appeals. We asked the parties to file additional briefing to address whether or what standard of indigency or ability-to-pay factors must be considered by the trial court to identify the basis of its discretion to grant or deny a post-conviction motion to waive, suspend or modify costs or the payment of costs, fines, fees or restitution. We further asked for the supplemental briefing to address the question of whether an inmate's ability to pay from the assets in his inmate's prison account is affected by the state and federal statutes governing collection of civil judgments found in Chapters 2329, 2715 and 2716 of the Revised Code, and any applicable federal statute or rule, and whether the sentencing court or the trial court where the assets are located has jurisdiction over execution of the civil judgment by attachment of the inmate's assets. Our entry seeking supplemental briefs also allowed Dunson to request the appointment of counsel for this appeal. The State filed a supplemental brief. Dunson did not ask for the appointment of counsel and did not file a supplemental brief.

## II. Standard of Review

{¶ 6}  The Supreme Court has held that if an indigent person, at the time of sentencing, moves a trial court to waive the payment of court costs, appellate review of the trial court's decision will be under an abuse-of-discretion standard.  *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164.  We have applied that same standard of review in the context of a post-judgment motion to waive court costs or to stay the payment thereof.  *See State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797.

{¶ 7} Based on an abuse-of-discretion standard of review, we must determine whether the trial court's discretionary decision not to vacate or stay execution of court imposed costs is grossly unsound, unreasonable, illegal, or unsupported by the evidence. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 10. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

## III. The Trial Court Abused its Discretion by Failing to
## Consider Dunson's Indigency and Ability to Pay

{¶ 8} For his sole assignment of error, Dunson asserts:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING

DEFENDANT-APPELLANT'S REQUEST FOR MOTION TO STAY COURT COSTS, FINES, MANDATORY FINES AND/OR RESTITUTION.

{¶ 9} Dunson argues that the trial court abused its discretion by not vacating, staying, or modifying payment terms for his court-imposed costs, fees, fines and restitution. Initially, we note that Dunson was not required to pay any fine or fee other than court costs and restitution. Therefore, we will only address the laws regarding the payment of costs and restitution ordered as part of a criminal felony sentence.

{¶ 10} Pursuant to R.C. 2929.18(A)(1), for any order of restitution imposed as part of a felony sentence, the statute provides that the offender may move for modification of the payment terms at any time. Dunson cites no authority for the proposition that the trial court may, after judgment, modify the *amount* of restitution, and we are not aware of any authority for that proposition.

{¶ 11} Pursuant to R.C. 2947.23(C), "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." R.C. 2303.23 provides that the trial court may cancel the imposition of costs, fees and fines imposed in felony cases, "if at any time the court finds that an amount owing the court is due and *uncollectible*." (Emphasis added.) R.C. 2949.092 provides that the court shall not waive any mandatory costs imposed in connection with a criminal conviction, "unless the court determines that the offender is *indigent*." (Emphasis added.)

{¶ 12} We recently addressed the issue of a trial court's discretion in considering a post-conviction motion to waive, suspend or modify the payment of costs imposed in a felony conviction in *State v. Copeland,* 2d Dist. Montgomery No. 26842, 2016-Ohio-7797.

We held that the trial court abused its discretion by overruling a post-conviction request to waive or suspend the payment of costs imposed as part of a felony sentence when the trial court failed to consider the defendant's indigency and ability to pay. *Id.* at ¶ 11. The judgment in *Copeland* was reversed, and the cause was remanded for the trial court to reconsider whether Copeland was indigent and had the ability to pay the court imposed costs*. Id.* at ¶ 12. As explained in the concurring opinion, in the exercise of its discretion, the trial court may be guided by the statutes and rules governing indigency and whether the exemption statutes render the judgment uncollectible from an inmate's prison account. *Id.* at ¶ 19 (Donovan, P.J., concurring).

{¶ 13} The State argues that the exemption statutes may only be applied during the grievance procedure provided by the Department of Corrections rules outlining the process of attaching an inmate's account. We agree that the issue before us is not whether the Department of Corrections properly applied the exemption statutes. However, we conclude that the laws governing exemptions are available guidance to help the trial court make a discretionary decision whether a judgment is collectible, whether a defendant is indigent, or whether he has the ability to pay from the inmate's account. Before summarily denying Dunson's motion to vacate, modify, or suspend the payment of costs or restitution, the trial court should "determine whether the exemption statute permits attachment and whether any other applicable statute dictates a finding of indigency." *Copeland* at ¶ 19.

{¶ 14} For the reasons articulated in *Copeland*, we will reverse the order of the trial court, and remand this cause for re-consideration of Dunson's motion to vacate, suspend, or modify his payment of court costs.

{¶ 15} With respect to Dunson's motion as it relates to restitution, we have already noted that we are not aware of any authority permitting a trial court, after judgment, to modify the *amount* of restitution ordered. Assuming, without deciding, that a trial court has discretion to stay the enforcement of restitution, or to modify or establish terms of payment of restitution, we find no abuse of discretion in the trial court's decision not to do so in the case before us. Because the amount that may be taken from Dunson's prison account each month is limited by administrative regulation, and balancing the respective interests of Dunson -- the malefactor – and the victim, upon this record we conclude that the trial court did not abuse its discretion in declining to stay the award of restitution, or to modify or establish payment terms for restitution.

{¶ 16} Dunson's sole assignment of error is sustained, in part, and overruled in part.

### IV. Conclusion

{¶ 17} Dunson's sole assignment of error having been sustained, in part, that part of the order of the trial court overruling his motion to vacate or stay execution of court costs is Reversed, that part of the order pertaining to restitution is Affirmed, and this cause is Remanded for re-consideration of the motion to vacate, stay, or modify payment terms for court costs.

. . . . . . . . . . . .

FROELICH, concurs.

HALL, J., concurring in part and dissenting in part:

{¶ 18} Because I believe the majority's conclusions regarding Dunson's court costs are a departure from statute and precedent, I dissent from that part of the decision.

I concur in the judgment that affirms the denial of Dunson's motion regarding restitution but on grounds different that that expressed by the majority.

{¶ 19} James "Blood" Dunson and his accomplices were convicted of the murder of Geoffrey Andrews during an aggravated robbery that he planned and participated in to obtain "a couple stacks and some weed." *State v. Dunson*, 2d Dist. Montgomery No. 25693, 2014-Ohio-234, ¶ 11. As required by statute, supported by applicable case law, court costs were imposed. The court also ordered restitution in the amount of $3,869.10 to be paid Geoffrey Andrews' mother for his funeral bill. No challenges to the imposition of either court costs or restitution were raised in Dunson's direct appeal, and any issues related to the imposition of costs or restitution therefore were waived. The propriety of the imposition of both costs and restitution is now res judicata. *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Getz*, 12th Dist. Butler No. CA2015-08-159, 2016-Ohio-3397, ¶ 17.

{¶ 20} Dunson's post-judgment motion to vacate or stay costs and restitution was filed several years after his conviction. The majority is critical that the trial court "did not hold a hearing, did not order a responsive pleading to the motion, and did not address the evidence Dunson submitted by affidavit." But there is no requirement that the trial court do any of those things. Furthermore, R.C. 5120.133 specifically allows for payment of prisoner obligations, as limited by Ohio Adm.Code 5120-5-03(D), "as long as the account retains twenty-five dollars for inmate expenditures." To that extent, statutorily and by regulation, Dunson *does* have an ability to pay.

{¶ 21} The majority concludes that the trial court abused its discretion by not

considering Dunson's indigency or ability to pay court costs. In support, it cites *State v. Copeland*, 2d Dist., Montgomery No. 26842, 2016-Ohio-7797. In *Copeland*, the trial court's decision overruling a motion to waive or stay payment of costs cited the fact "that the defendant will only pay court costs only [sic] if there are sufficient funds in the inmate's account—and only as long as the account retains twenty-five dollars for inmate expenditures." *Id.*, ¶ 9. The apparent holding of *Copeland* is that a trial court abuses its discretion by failing to indicate in its decision overruling a post-judgment motion to waive or stay collection of costs that it considered an offender's present or future ability to pay *in addition to* the collection procedures in R.C. 5120.133, and applicable regulations, which specifically permit collection from a prisoner's account as long as $25.00 remains. Because the trial court had explicitly considered R.C. 5120.133 in overruling Copeland's motion, the *Copeland* decision necessarily holds that the trial court must do something *more* than apply the applicable statute. The case was remanded "for consideration of whether Copeland had a present or future ability to pay the court costs imposed." *Id.* at ¶ 12.

{¶ 22} I dissented in *Copeland* stating: "There is no case law, there is no statute, there is no regulation and there is no exercise of discretion which requires a trial court to explicitly consider an incarcerated defendant's ability to pay court costs when ruling on a post-judgment motion to waive or stay payment of court costs." *Id.* at ¶ 24 (Hall, J., dissenting). I still believe my analysis of the issue is correct. However, stare decisis would lead me to follow a majority decision of this court. The problem is discerning a majority holding of *Copeland*. The lead *Copeland* opinion indicates "this appeal is not about collection of court costs from an inmate, but whether the trial court erred in denying a

waiver or stay of future payment of those costs; these are separate questions." *Id*. at ¶ 10. The concurring opinion focuses on and relates the abuse of discretion to failure to consider "application of Ohio's exemption statute." *Id*. at ¶ 13 (Donovan, P.J., concurring). Specifically, the concurring opinion expresses concern about whether the "exemption" statute, R.C. 2329.66, permits the attachment of money in a prisoner's account. *Id*. at ¶ 14-19. That is fundamentally a collection procedure issue which the *Copeland* lead opinion specifically avoided.

{¶ 23} The only common thread in the lead and concurring opinions in *Copeland* is the conclusion, in the judgment entry, that "the case is remanded for consideration of whether Copeland had a present or future ability to pay the court costs imposed." (Final Entry filed November 18, 2016). Accordingly, *Copeland* does not have precedential value for deciding the terms of the trial court's reconsideration other than that it must consider ability to pay. *Copeland* does *not* hold that upon remand "the trial court may be guided by the statutes and rules governing indigency and whether the exemption statutes render the judgment uncollectible from an inmate's prison account." Majority Opinion at ¶ 12. The majority's subsequent quotation of the *Copeland* concurring opinion for this proposition (Majority Opinion at ¶ 13) refers to precedent where none exists. If anything, the *Copeland* lead opinion and dissent *rejected* application of the exemption statute to Copeland's post-judgment motion to waive or suspend costs. The lead and concurring opinions reversed for consideration of ability to pay but for two different reasons. I therefore dissent from that content of the majority opinion in this case suggesting that the exemption statute should serve as a guideline in the trial court. At most, on the authority of *Copeland*, I would remand for consideration of ability to pay without further instruction.

**{¶ 24}** I agree with the majority's conclusion to affirm the judgment of the trial court with respect to Dunson's motion to vacate or stay restitution, but for reasons different than that expressed by the majority. In my opinion, Ohio law is settled that once restitution is properly imposed a trial court's limited authority is to modify the payment terms that it has imposed. R.C. 2929.18(A)(1). Here, the trial court's judgment of conviction and sentence states: "The Defendant is ordered to pay complete restitution to [the deceased victim's mother] for economic loss in the amount of $3,869.10, upon which execution is hereby awarded to be paid through the Montgomery County Clerk of Courts." (Termination Entry filed March 15, 2013, at 2). There is *no* payment plan or payment terms and therefore no authority to modify what does not exist. In this regard, the Twelfth District analyzed the issue as follows:

> "In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule." *State v. Purnell*, 1st Dist. Hamilton No. C-060037, 2006-Ohio-6160, ¶ 10. In *Purnell*, the First Appellate District considered whether a trial court has jurisdiction under R.C. 2929.18(A)(1) to increase, in a post-sentence order, the amount of restitution it had originally imposed at sentencing. The appellate court held that the trial court had "no statutory authority to increase the restitution amount" after imposing sentence: "There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. It can, however, modify the 'payment terms of any restitution[.]' " *Id.* at ¶ 9-10. Subsequently, and relying upon *Purnell*, the Fifth Appellate District held that a trial court has no jurisdiction, after it

journalizes the offender's sentence, to decrease the amount of restitution originally imposed at sentencing. *State v. Corbitt*, 5th Dist. Richland No. 2011-CA-107, 2012-Ohio-3795, ¶ 10-18.

We recently addressed whether a defendant can request a restitution hearing at any time under R.C. 2929.18(A)(1) and whether a trial court retains jurisdiction over its restitution orders. [*State v.*] *Getz*, [12th Dist. Butler No. CA2015-08-159], 2016-Ohio-3397. Relying upon *Purnell* and *Corbitt*, we held that a trial court "[does] not possess continuing jurisdiction under R.C. 2929.18(A)(1) to [either] hold a restitution hearing to reconsider the imposed financial sanctions" or to modify the amount of restitution after sentencing. *Getz* at ¶ 13. *See also State v. Sekic*, 8th Dist. Cuyahoga No. 95679, 2011-Ohio-4809, ¶ 47 (finding there is no statutory authority allowing a trial court to exercise continuing jurisdiction to modify the amount of restitution after sentencing).

In the case at bar, appellant filed a motion to modify or terminate restitution, arguing he was financially unable to pay any sum at all. The motion did not state that it was pursuant to R.C. 2929.18(A)(1) and (E). As phrased, appellant's motion seemingly seeks to decrease or terminate the amount of restitution. The trial court obviously construed appellant's motion in this manner. However, as stated above, a trial court does not have continuing jurisdiction under R.C. 2929.18(A)(1) to increase, decrease, or otherwise modify the amount of restitution after sentencing. While R.C. 2929.18(A)(1) allows an offender to "file a motion for modification of the

payment terms of any restitution ordered," the statute does not, contrary to appellant's assertion, allow an offender's post-sentence motion to modify the amount of restitution. *See State v. Naylor*, 2d Dist. Montgomery No. 23459, 2010-Ohio-988 (there is no mechanism in place under R.C. 2929.18[A][1] for a defendant's post-sentence motion to modify the amount of restitution).

*State v. Downey*, 12th Dist. Clermont No. CA2016-02-006, 2016-Ohio-5778, ¶ 15-17. I agree. Dunson was not ordered to pay restitution on any payment terms, and there is therefore nothing for the trial court to modify. The trial court is without authority to vacate, waive, suspend, stay, or modify the restitution owed. I conclude this is a matter of lack of legal authority, not a question of exercise of the trial court's discretion.

{¶ 25} For the foregoing reasons, I concur in part and dissent in part.

. . . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Meagan D. Woodall
James Dunson
Hon. Dennis J. Adkins