[Cite as *State v. Taylor*, 2018-Ohio-1649.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27539 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-4317 |
| | : | |
| DARREN TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

DARREN TAYLOR, #685345, P.O. Box 56, Lebanon, Ohio 45036
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Darren Taylor, pro se, appeals from the denial of his "motion to vacate and/or suspend court cost," which addressed the total assessed by the clerk of

courts. For the following reasons, the trial court's denial of Taylor's motion to vacate and/or suspend court costs will be affirmed as to restitution and reversed as to court costs, and the matter will be remanded for consideration of Taylor's indigency and his present and/or future ability to pay court costs.

**I. Procedural History**

{¶ 2} In May 2013, Taylor was found guilty after a jury trial in the Montgomery County Court of Common Pleas of four counts of murder (relating to two victims) and one count each of aggravated robbery and felonious assault; each count included a firearm specification. The trial court found Taylor guilty of having weapons while under disability after a bench trial. After merging several offenses and firearm specifications, Taylor was sentenced to two terms of 15 years to life in prison for two murder charges, to be served consecutively, and to an additional 3 years for each of the firearm specifications associated with those two murder counts. Taylor's aggregate prison term was 36 years to life in prison.

{¶ 3} In addition to the prison term, the trial court ordered Taylor to pay $6,575.49 in restitution, $192 dollars to the Montgomery County Prosecutor's Office for extradition costs, and court costs, as determined by the Montgomery County Clerk of Courts. The court ordered that $168.60 found on Taylor's person at the time of his arrest be forfeited and applied to Taylor's restitution and/or court costs. No fine was imposed.

{¶ 4} Taylor appealed from his conviction, claiming that the trial court erred in failing to suppress evidence obtained from warrantless searches of his cell phones, including the GPS data obtained thereby. We affirmed Taylor's conviction. *State v. Taylor*, 2d Dist. Montgomery No. 25764, 2014-Ohio-2550.

{¶ 5} On August 12, 2016, Taylor filed a motion to vacate and/or suspend court costs. Taylor stated that the Montgomery County Clerk of Courts had assessed a total of $8,970.55 against his institutional accounts. He informed the court that he receives $19 per month in prison earnings, which is spent on electricity ($1 deducted monthly from his account), hygiene products, postage, stationery, and legal copies. Taylor stated that, given his lengthy sentence, there were "no realistic expectations of increasing his income until his release" and that he has no cash, bonds, savings, or property that can be levied toward his financial obligation. Taylor supported his motion with an affidavit stating that he had been incarcerated since 2011, that he receives $19 per month, that he must pay for utility charges and medical expenses from those funds, that all monies received from outside sources are gifts for the payment of personal items, and that he is "without sufficient funds to pay the required costs and fees of this action."

{¶ 6} On August 19, 2016, the trial court overruled Taylor's motion. The trial court's decision stated, in its entirety:

It is well-settled that costs may be assessed against all criminal defendants, including those who are indigent. *State v. Threatt*, 108 Ohio St. 3d 277, 279, 282 (2006). Upon review, the Court notes that Defendant made the choices which led to the accrual of the fees at issue, and he must take responsibility for his conduct, as well as the resulting consequences. Moreover, there is no evidence that Defendant is unable to make any payment toward the costs at this time, or that he will not be able to make payments toward the fees once his term of incarceration ends. Therefore, the Court finds that it is not necessary to vacate and/or

suspend Defendant's costs in this matter, and OVERRULES Defendant's Motion to Vacate and/or Suspend Court Costs.

{¶ 7} Taylor sought reconsideration of the trial court's ruling. On March 16, 2017, the trial court denied the motion for reconsideration. The trial court stated: "Here, the Defendant is asking the Court to reconsider its previous decision on this exact issue. The Defendant has neither demonstrated a manifest injustice nor any additional evidence to overrule the Court's original decision. The Court stands by that decision and finds that the Defendant was properly sentenced to pay Court Costs. Therefore, the doctrine of *res judicata* stands and the previous decision on the Defendant's prior motion is controlling."

{¶ 8} Taylor appealed from the trial court's denial of his motion for reconsideration. The State sought to dismiss the appeal, arguing that a decision on a motion for reconsideration is a nullity and that Taylor had failed to timely appeal from the August 19, 2016 decision. In response, Taylor requested that we allow him to pursue a delayed appeal from the August 19, 2016 decision. We granted Taylor's motion for a delayed appeal, indicating that we would construe the appeal as arising from both the August 19, 2016 and the March 16, 2017 decisions. *State v. Taylor*, 2d Dist. Montgomery No. 27539, Decision and Entry (May 24, 2017).

{¶ 9} In his sole assignment of error, Taylor claims that the trial court abused its discretion "when it failed to conduct any inquiry as to Appellant's present or future ability to pay the sanction and [its] denial of Appellant's Motion to Vacate and/or Suspend Court Cost."

## II. Court Costs

{¶ 10} It is well established that court costs are properly assessed against a

defendant, regardless of the defendant's indigency.   *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393.   R.C. 2947.23(A)(1)(a) provides: "In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."   (Emphasis added.)

{¶ 11} However, pursuant to R.C. 2947.23(C), "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."   R.C. 2303.23 further provides that the trial court may cancel the imposition of costs, fees and fines imposed in felony cases, "if at any time the court finds that an amount owing to the court is due and uncollectible."   And, R.C. 2949.092 provides that the court shall not waive any mandatory costs imposed in connection with a criminal conviction, "unless the court determines that the offender is indigent."

{¶ 12} We review the trial court's post-judgment decision to deny a motion to vacate and/or suspend the payment of court costs for an abuse of discretion.   *State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, ¶ 6, *appeal accepted*, *09/27/2017 Case Announcements*, 2017-Ohio-7843; *see State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797.

{¶ 13} In *Copeland*, the opinion held that the trial court failed to properly exercise its discretion when it denied a motion to vacate or suspend court costs on the ground that Ohio Adm.Code 5120-5-03 establishes procedures for withdrawing money from an inmate's account to satisfy court-ordered financial obligations.   We reasoned:

Although a trial court need not consider whether a defendant has a present

or future ability to pay court costs when court costs are assessed, the trial court should consider the defendant's ability to pay when a defendant subsequently moves for a waiver, modification, or stay of the payment of court costs. The collection provisions of the Ohio Administrative Code, while perhaps relevant, are not dispositive. Consequently, the trial court's reliance on those provisions alone in denying Copeland's motion was not an exercise of its discretion in determining whether the payment of court costs should be waived, modified, or stayed.

*Copeland* at ¶ 11.[1] Our judgment entry remanded the matter to the trial court for consideration of whether Copeland had a present or future ability to pay the court costs imposed.

{¶ 14} In *Dunson,* rendered approximately one month after *Copeland,* we again addressed the trial court's denial of a motion to vacate or stay court costs, fines, mandatory fines, and/or restitution. We note that the trial court's ruling in *Dunson* was virtually identical to the language used in the trial court's August 19, 2016 decision in this case.

{¶ 15} *Dunson* concluded that the trial court abused its discretion by overruling Dunson's motion to waive, suspend or modify the payment of the court-ordered costs without considering Dunson's indigency and ability to pay. We explained:

We agree that the issue before us is not whether the Department of Corrections properly applied the exemption statutes. However, we

---

[1] A concurring opinion in *Copeland* expressed that, upon remand, the trial court should determine Copeland's present or future ability to pay after application of Ohio's exemption statute, R.C. 2329.66.

conclude that the laws governing exemptions are available guidance to help the trial court make a discretionary decision whether a judgment is collectible, whether a defendant is indigent, or whether he has the ability to pay from the inmate's account. Before summarily denying Dunson's motion to vacate, modify, or suspend the payment of costs or restitution, the trial court should "determine whether the exemption statute permits attachment and whether any other applicable statute dictates a finding of indigency." *Copeland* at ¶ 19.

*Dunson* at ¶ 13.

**{¶ 16}** In the case before us, the trial court noted that costs may be assessed against indigent defendants and found that Taylor "made the choices which led to the accrual of the fees at issue, and he must take responsibility for his conduct, as well as the resulting consequences." We do not dispute the trial court's finding that Taylor's actions resulted in the imposition of court courts, restitution, and other fees and that he should be held accountable for his actions, but this is true with all criminal convictions. The denial of Taylor's motion on this basis suggests that the trial court failed to consider Taylor's individual circumstances – his financial situation, the length of his incarceration, his age and health, etc. – in determining whether the payment of court costs should be waived in this case.

**{¶ 17}** As in *Dunson*, the trial court's decision made no determination of Taylor's indigency. Taylor provided an affidavit attesting to his inability to pay, but the trial court did not address that affidavit or his overall financial situation. Rather, it found that there was "no evidence that Defendant is unable to make any payment toward the costs at this

time." The only possible basis for the trial court's finding is that Taylor has some prison earnings from which payment could be obtained. There is no indication that the trial court considered whether the exemption statute permits attachment of that income. And there is no indication that the trial court considered that, even if Taylor's earnings may be attached, those earnings would also be used to pay the $6,575.49 restitution order. *See* R.C. 5145.16(C)(8)(b) (authorizing ODRC to allocate up to 25 percent of earnings to "the victims of the prisoner's offenses for restitution if the prisoner voluntarily requests or is under court order to make restitution payments").

{¶ 18} Moreover, to the extent that the trial court found that there was no evidence that Taylor "will not be able to make payments toward the fees once his term of incarceration ends," the trial court's finding is without support. Taylor was 49 years old at sentencing and was sentenced to two consecutive 15-year to life terms plus six years for firearm specifications. Even assuming that Taylor would be released from prison after serving the 36-year mandatory portion of his sentence, he would be approximately 85 years old. We find nothing in the record to suggest that Taylor, at that advanced age and after more than 3½ decades in prison, can reasonably be expected to have an ability to pay court costs upon his release from prison.

{¶ 19} The trial court abused its discretion by overruling Taylor's motion to vacate and/or suspend court costs without considering his indigency and ability to pay.

### III. Restitution

{¶ 20} Although Taylor's motion was titled a "motion to vacate and/or suspend court cost," he challenged all of the clerk's assessments, including his ordered restitution. On appeal, he argues that the trial court erred in failing to consider his present or future

ability to pay restitution.

{¶ 21} Under R.C. 2929.18(A)(1), a court may order a felony offender to pay, as part of the sentence, a financial sanction in the form of restitution by the offender to the victim of the crime "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1); *State v. Taste*, 2d Dist. Montgomery No. 22955, 2009-Ohio-5867, ¶ 33. The trial court is required to consider the defendant's present and future ability to pay before imposing any financial sanction under R.C. 2929.18, including restitution. R.C. 2929.19(B)(5).

{¶ 22} R.C. 2929.18(A)(1) permits an offender to file a motion for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate. *Id.* However, R.C. 2929.18(A)(1) does not authorize the trial court to modify the amount of restitution to be paid. *Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, at ¶ 10.

{¶ 23} Taylor did not challenge on direct appeal the trial court's order that Taylor pay $6,575.49 in restitution. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 24} Because Taylor could have challenged the restitution order on direct appeal, but did not, he is now barred by res judicata from raising alleged errors in the trial

court's order of restitution. In addition, because the trial court lacked statutory authority to modify the amount of restitution to be paid, the trial court did not err in failing to vacate the payment of restitution.

## IV. Conclusion

{¶ 25} The trial court's denial of Taylor's motion to vacate and/or suspend court costs will be affirmed as to restitution and reversed as to court costs, and the matter will be remanded for consideration of Taylor's indigency and his present and/or future ability to pay court costs.

. . . . . . . . . . . .

DONOVAN, J., concurs.

TUCKER, J., concurring:

{¶ 26} I, without reservation, concur in the resolution of the restitution issue. I, upon the basis of stare decisis, concur in the resolution of the issue regarding court costs. I note that my opinion on this issue is reflected by Judge Hall's dissenting opinions in *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797 and *State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Alice B. Peters

Darren Taylor
Hon. Dennis J. Adkins