[Cite as *State v. Lundy*, 2018-Ohio-2243.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 1-18-11

      v.

MICHAEL L. LUNDY,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2012 0236

**Judgment Reversed and Cause Remanded**

Date of Decision:    June 11, 2018

APPEARANCES:

    *Michael Lundy,* **Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry. Defendant-appellant, Michael L. Lundy ("Lundy"), pro se, appeals the February 6, 2018 judgment entry of the Allen County Court of Common Pleas denying his motion to waive, suspend, or modify payment of court costs. For the reasons that follow, we reverse.

{¶2} In 2013, Lundy was convicted of rape, kidnapping, and aggravated burglary, and sentenced to a cumulative term of 40 years in prison. *State v. Lundy*, 3d Dist. Allen No. 1-3-52, 2014-Ohio-5003, ¶ 1-2. Lundy was classified as a Tier III sex offender. (Doc. Nos. 216, 217). This court affirmed Lundy's conviction. *Id.* at ¶ 41, 64.[1]

{¶3} On February 5, 2018, Lundy, pro se, filed a motion to waive, suspend, or modify payment of court costs. (Doc. No. 245). On February 6, 2018, the trial court denied Lundy's motion after concluding that it was barred by the doctrine of res judicata. (Doc. No. 246).

{¶4} On February 23, 2018, Lundy filed a notice of appeal. (Doc. No. 248). He raises one assignment of error for our review.

---

[1] In Lundy's direct appeal, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Lundy*, 3d Dist. Allen No. 1-3-52, 2014-Ohio-5003.

## Assignment of Error

**The Trial Court Erred and Abused its Authority to Overrule Plaintiff [sic] Motion for Court Cost and Fines R.C. §2949.41 [sic], Allows for the Collection of Costs Only Against "Non" Indigent Persons Courts Deem Indigent**

{¶5} In his assignment of error, Lundy argues that the trial court erred by denying his motion to waive, suspend, or modify payment of court costs.

{¶6} "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Clinton*, ___ Ohio St.3d ___, 2017-Ohio-9423, ¶ 239. If a defendant moves to waive, suspend, or modify costs, the trial court, in its discretion, may waive, suspend, or modify payment of those costs. *State v. Hanford*, 8th Dist. Cuyahoga No. 106220, 2018-Ohio-1309, ¶ 17, *citing State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 13 and *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. A "trial court 'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or any time thereafter.'" *Id.*, quoting R.C. 2947.23(C).

{¶7} We review a trial court's decision denying an indigent-criminal defendant's post-judgment motion to waive, suspend, or modify payment of court costs under an abuse-of-discretion standard. *State v. Taylor*, 2d Dist. Montgomery No. 27539, 2018-Ohio-1649, ¶ 12, citing *State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, ¶ 6, *appeal accepted*, 150 Ohio St.3d 1442, 2017-Ohio-

7843 and *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797. *See also State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph four of the syllabus. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶8} In this case, the trial court erroneously concluded that Lundy's motion to waive, suspend, or modify court costs is barred by the doctrine of res judicata. R.C. 2947.23 was amended, effective March 22, 2013, granting a trial court continuing jurisdiction to consider a defendant's post-judgment motion to suspend, vacate, or modify costs. *See State v. Braden*, 10th Dist. Franklin No. 17AP-48, 2017-Ohio-7903, ¶ 8, *appeal accepted*, 151 Ohio St.3d 1526, 2018-Ohio-557. As such, a defendant—whose judgment of conviction and sentence became final after March 22, 2013—may file a motion to suspend, vacate, or modify costs at any time. *See id.*; *Hanford* at ¶ 17, citing *State v. Williams*, 8th Dist. Cuyahoga No. 105590, 2018-Ohio-845, ¶ 39, citing *State v. Beasley*, ___ Ohio St.3d ___, 2018-Ohio-493, ¶ 265.

{¶9} The judgment of Lundy's conviction and sentence became final on November 10, 2014. *Lundy*, 2014-Ohio-5003, at ¶ 1, 64. Accordingly, the trial court retained jurisdiction to consider Lundy's post-judgment motion to waive, suspend, or modify the payment court costs—that is, it is not barred by the doctrine of res judicata. Therefore, the trial court abused its discretion by denying Lundy's

motion to waive, suspend, or modify the payment of court costs without addressing the merits of his motion.  *See Taylor*, 2018-Ohio-1649, at ¶ 19.

{**¶10**} Lundy's assignment of error is sustained.

{**¶11**} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we reverse the judgment of the trial court and remand the matter for the trial court to consider Lundy's motion.[2]

***Judgment Reversed and***
***Cause Remanded***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**

---

[2] The Supreme Court of Ohio is presently considering what a trial court must consider when exercising its discretion in ruling on a post-judgment motion to waive, suspend, or modify the payment of court costs. *State v. Dunson*, 150 Ohio St.3d 1442, 2017-Ohio-7843. *See also State v. Braden*, 151 Ohio St.3d 1526, 2018-Ohio-557 (considering whether a trial court has jurisdiction under R.C. 2947.23(C) to waive, suspend, or modify the payment of court costs in cases in which a defendant's conviction and sentence became final prior to the enactment of R.C. 2947.23(C)).