[Cite as *State v. Montgomery*, 2019-Ohio-4790.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 108179 |
| JUVIS MONTGOMERY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623070-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson M. Strang, Assistant Prosecuting Attorney, *for appellee.*

Paul A. Mancino, Jr., *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Juvis Montgomery appeals his conviction and sentence. Upon review, we affirm.

{¶ 2} On November 27, 2017, appellant was charged in a nine-count indictment. Appellant was declared indigent and appointed counsel in the trial

court proceedings. During the course of proceedings, appellant was referred for a competency evaluation and found competent to stand trial. On August 29, 2018, appellant entered a plea of guilty to an amended Count 3, felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a one-year firearm specification, a notice of prior conviction, and a repeat violent offender specification. He also entered a plea of guilty to Count 9 as charged, having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The remaining counts were nolled. The trial court imposed an aggregate term of imprisonment of five years with three years of mandatory postrelease control, awarded jail-time credit, and imposed costs against appellant. The journal entry was entered on August 30, 2018.

{¶ 3} On October 25, 2018, appellant filed a motion to withdraw his guilty plea. The trial court denied that motion on November 6, 2018. On November 26, 2018, appellant filed a motion "to vacate, suspend or modify or set up a payment plan" with regard to court costs. The trial court denied that motion on December 28, 2018.

{¶ 4} Appellant was granted leave to file a delayed appeal. He presents six assignments of error claiming his due process rights were violated.

{¶ 5} Under his first assignment of error, appellant claims the trial court failed to conduct a meaningful hearing concerning his dissatisfaction with trial counsel. Although appellant argues that the trial court had a duty to inquire into his claim of dissatisfaction with his court-appointed counsel, he fails to acknowledge

that the Supreme Court of Ohio has held that the duty to make such inquiry is a "limited judicial duty" that "'arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998). Therefore, a trial court is not required to conduct further inquiry into a defendant's complaints about his counsel when the defendant expresses only a generalized dissatisfaction with counsel's performance but does not allege any specific facts. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 165.

{¶ 6} The record reflects that prior to accepting appellant's plea, the trial court asked appellant if he was satisfied with his counsel's representation, to which he responded, "No." The court then stated, "Well you may not like him personally, but he's done a good job for you" and asked appellant "do you understand that?" Appellant responded, "Yes." Appellant then confirmed that he was willing to go forward with his plea. At no point did appellant point to any specific facts that would indicate that his trial counsel's performance was deficient. Further, he never requested that his existing counsel be replaced with other counsel. Accordingly, we find the trial court was not required to conduct a hearing and we overrule the first assignment of error.

{¶ 7} Under his second assignment of error, appellant claims the trial court erred when it accepted his guilty plea.

{¶ 8} Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Appellant raises a number of issues pertaining to his plea.

{¶ 9} First, appellant claims that he had informed the trial court that he was not satisfied with counsel. The record reflects that appellant conceded that counsel had "done a good job" and he expressed his willingness to move forward with his plea. Appellant also argues that his plea of guilty was in the nature of an Alford plea. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reveals that appellant never made a protestation of his innocence in open court.

{¶ 10} Next, appellant claims that he did not make an informed plea because the trial court "did not explain the offense which required a mandatory sentence containing a notice of prior conviction and a repeat violent offender specification" and "[n]one of these offenses was explained to defendant other than a rote recitation of constitutional rights." The record reflects that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) by informing appellant of the nature of each of the charges, the maximum penalties involved, and that he was ineligible for probation. In discussing Count 3, as amended, the trial court informed appellant that the "[n]otice of prior conviction makes this nonprobationable and not eligible for judicial release" and that the "[n]otice of prior conviction is mandatory

prison time as well as the 1 year firearm specification." The trial court also informed appellant as to the repeat violent offender specification. Further, the trial court informed appellant that the court would be imposing a sentence of "5 years * * * mandatory." The court advised appellant that a plea of guilty is an admission to the crime and advised him of his constitutional rights. The record reflects that appellant expressed his understanding of the trial court's advisements.

{¶ 11} Last, appellant claims that the trial court failed to provide a sufficient explanation in response to appellant's statement that he thought he would be eligible for judicial release. The record reflects that the trial court, having already explained this to appellant, responded that "[i]t's going to be 5 years, there are no secrets here, no surprises[.]" Appellant acknowledged that he understood.

{¶ 12} Our review of the record reflects that appellant's plea was knowingly, intelligently, and voluntarily made with a complete understanding of the consequences. The second assignment of error is overruled.

{¶ 13} Under his third assignment of error, appellant claims the trial court erred when it overruled his motion to withdraw his guilty plea without an evidentiary hearing.

{¶ 14} A trial court may grant a defendant's Crim.R. 32.1 postsentence motion to withdraw a guilty plea only to correct a manifest injustice, which the defendant bears the burden of establishing. *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A trial court does not abuse its

discretion in denying a postsentence motion to withdraw a guilty plea without a hearing where the defendant fails to establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice. *State v. Johnson*, 2d Dist. Champaign No. 2018-CA-27, 2019-Ohio-1259, ¶ 15-16.

{¶ 15} In his motion, appellant stated that he wished to withdraw his plea because he claimed he was promised a four-year sentence with the ability to file for judicial release after serving a mandatory one-year sentence on the firearm specification. However, the record indicates that the trial court informed appellant prior to his plea that the court would be imposing "5 years if you plead," that the five years is "mandatory," and that appellant is "not eligible for judicial release." The record further reflects that appellant expressed his understanding prior to entering his plea and that his plea was made knowingly, intelligently, and voluntarily. Because appellant failed to establish a reasonable likelihood that withdrawal of his plea was necessary to correct a manifest injustice, the trial court did not abuse its discretion by overruling his motion without a hearing. Appellant's third assignment of error is overruled.

{¶ 16} Under his fourth assignment of error, appellant claims that he was denied due process of law because all of the proceedings were not recorded as prescribed by Crim.R. 22. Appellant states that the trial court referenced unrecorded "discussions" that occurred in the presence of the prosecutor and defense counsel, and that the court announced "not necessarily in agreement with what I'm proposing to you, but I'm going to give you 5 years if you plead." The record

also reflects an unrecorded sidebar occurred.  Because appellant did not enter any objection on the record, he has waived the issue.  *See State v. Nields*, 93 Ohio St.3d 6, 26, 2001-Ohio-1291, 752 N.E.2d 859.

{¶ 17}  Under his fifth assignment of error, appellant claims the trial court erred when it overruled his motion concerning court costs without a hearing and that he was entitled to a waiver of costs.

{¶ 18}  R.C. 2947.23(A)(1)(a) provides in relevant part:  "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."  These costs must be imposed even if the defendant is indigent.  *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.  Pursuant to R.C. 2947.23(C), "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  The statute does not require a hearing on a motion to waive costs, and appellant presents no authority to support his claim that a hearing should have been held.

{¶ 19}  In this case, appellant filed a pro se, postsentence motion concerning court costs.  He included an affidavit of indigency and averred that he did not have the necessary funds to pay costs, was currently incarcerated, and only receives $4.50 per month for work at the prison.  He requested the court to vacate, suspend, or modify costs, or set up a payment plan.  The trial court summarily denied the motion.

{¶ 20} Although courts have recognized that a trial court has discretion to waive court costs if the defendant is indigent, as this court has recognized "the discretion to waive court costs includes the discretion not to waive them." *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 18, citing *State v. Brown*, 8th Dist. Cuyahoga No. 103247, 2016-Ohio-1546, 13; *see also State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. As provided in R.C. 2947.23(A)(1)(a)(i), should the defendant fail to pay the judgment for such costs, "the court may order the defendant to perform community service until the judgment is paid * * *." Accordingly, we overrule the fifth assignment of error.

{¶ 21} Under his sixth assignment of error, appellant claims he was denied due process because he contends "his sentence was based on judicial factfinding based on an unrecorded conference with court and counsel."[1]

{¶ 22} First, appellant argues that the sentence imposed was based on an unrecorded discussion with counsel. We have already determined that because no objection was raised, the argument concerning unrecorded proceedings has been waived. Also, it appears that the "discussions" were in relation to plea negotiations and there is no evidence that anything discussed off record was in contravention of appellant's due process rights.

{¶ 23} Next, appellant asserts that his constitutional rights were violated because "the court called on the claimed victim to testify and then impose[d] more

---

[1] We note that there are limitations on a defendant's right to appeal an agreed sentence. *See* R.C. 2953.08(D)(1). Because the record does not clearly reflect a jointly recommended sentence was imposed, we shall consider the assignment of error.

than a minimum sentence in this regard." Finally, appellant argues that there was an absence of any judicial consideration of the mandated statutory considerations and that the sentence was based on facts neither alleged in the indictment nor admitted by defendant at the time of his plea.

{¶ 24} The record reflects that the convictions stemmed from an incident in which appellant violently assaulted the victim with a firearm. Appellant agreed to plead guilty with the understanding that an aggregate prison term of five years would be imposed. After pleading guilty to Count 3, as amended, and Count 9, as charged, the remaining charges were dismissed pursuant to the plea agreement.

{¶ 25} During the plea hearing, the court informed appellant that the one-year firearm specification on Count 3, as amended, was required to be served prior to and consecutive with the four years that would be imposed on the base count. The court also informed appellant that "[y]ou have a repeat violent offender specification which, if you were to get the maximum amount on Count 3, I could impose an additional up to 10 years, but that won't come into play." The court imposed the stated sentence on Count 3 and imposed a concurrent prison term of 18 months on Count 9.

{¶ 26} Although the trial court must consider the purposes of felony sentencing set forth in R.C. 2929.11, as well as the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to discuss the factors on the record. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16; *see also State v. Wilson*, 129 Ohio St.3d 214, 2011-

Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of the appropriate factors can be presumed unless affirmatively demonstrated otherwise. *Wenmoth* at ¶ 17. Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to satisfy its obligations under R.C. 2929.11 and 2929.12. *Id.* Here, the trial court stated in the sentencing entry that "the court considered all required factors of the law" and the court found that "prison is consistent with the purpose of R.C. 2929.11."

{¶ 27} Appellant's sixth assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR