[Cite as *State v. Braden*, 2019-Ohio-5256.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-48 |
| | | (C.P.C. No. 98CR-4601) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David L. Braden, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 19, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Timothy Young*, Ohio Public Defender, and *Kathryn L. Sandford*; *Steven M. Brown*, for appellant. **Argued:** *Kathryn L. Sandford.*

APPEAL from the Franklin County Court of Common Pleas
ON REMAND from the Supreme Court of Ohio

LUPER SCHUSTER, J.

{¶ 1} This case is before the court on remand from the Supreme Court of Ohio pursuant to *State v. Braden*, ___ Ohio St.3d ___, 2019-Ohio-4204 ("*Braden III*"). After this court decided *State v. Braden*, 17AP-48, 2017-Ohio-7903 ("*Braden I*"), the Supreme Court of Ohio initially affirmed our decision in *State v. Braden*, ___ Ohio St.3d ___, 2018-Ohio-5079 ("*Braden II*"). In *Braden III*, the Supreme Court then granted the motion for reconsideration of defendant-appellant, David L. Braden, thereby reversing our judgment in *Braden I*, and remanded the case for application of its holding that "R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date." *Braden III* at ¶ 31.

{¶ 2} In *Braden I*, Braden appealed from a December 21, 2016 entry of the Franklin County Court of Common Pleas denying his motion to waive fines and court costs. We concluded res judicata operated to bar Braden's arguments related to both fines and court costs. *Braden I* at ¶ 7-8. Additionally, we concluded Braden's motion was an improper means to challenge the collection process by the Ohio Department of Rehabilitation and Correction or the prison warden. *Braden I* at ¶ 9. The sole issue in *Braden III* was whether R.C. 2947.23(C) provided jurisdiction to a trial court to waive court costs even when the conviction was finalized before the effective date of the statute. Thus, based on the authority of *Braden III*, we now reverse in part the December 21, 2016 decision of the trial court denying Braden's motion to waive court costs, and we remand the matter to that court to consider, in the first instance, whether to exercise its discretion to waive Braden's court costs pursuant to R.C. 2947.23(C).

{¶ 3} Additionally, both parties filed motions in this court in response to the Supreme Court's remand order. The state filed a motion to dismiss the appeal for lack of a final appealable order. However, we find the order of the trial court to be a final appealable order. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 13 (holding "[a] trial court's determination of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding and affects a substantial right," so the denial of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order); *Braden III* at ¶ 11-14 (relying on the similarities between a post-conviction motion to waive court costs and a post-conviction motion for jail time credit, noting "[t]here are no material differences between R.C. 2947.23(C) and former R.C. 2929.19(B)(2)(g)(iii) regarding the trial court's continuing jurisdiction to act"). Accordingly, we deny the state's motion to dismiss the appeal for lack of final appealable order.

{¶ 4} Finally, Braden filed a motion to stay proceedings pending the decision of the Supreme Court of Ohio in *State v. Taylor*, Supreme Court Docket No. Ohio-0797, scheduled for oral argument on January 7, 2020. However, having determined the appropriate remedy is to reverse in part the decision of the trial court and to remand the matter to that court for further proceedings, we deny Braden's motion to stay as moot.

{¶ 5} Based on the foregoing reasons, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand the matter to

that court to consider, in the first instance, whether to exercise its discretion to waive Braden's court costs pursuant to R.C. 2947.23(C).  Additionally, we deny the state's motion to dismiss the appeal and deny as moot Braden's motion to stay the proceedings.

*Judgement reversed in part; cause remanded; motions denied.*

BROWN and BRUNNER, JJ., concur.