[Cite as *State v. McWay*, 2020-Ohio-719.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 1-19-65

      v.

ROSS M. MCWAY,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2017 0036

**Judgment Affirmed**

Date of Decision: March 2, 2020

**APPEARANCES:**

    *Ross M. McWay*, Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Ross M. McWay ("McWay"), pro se, appeals the September 23, 2019 judgment entry of the Allen County Court of Common Pleas denying his motion to waive, suspend, or modify payment of costs. For the reasons that follow, we affirm.

{¶2} In 2017, McWay was convicted of aggravated murder and sentenced to life without parole. *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 7; (Doc. No. 96). This court affirmed McWay's conviction and sentence on September 10, 2018. *Id.* at ¶ 29.[1]

{¶3} On September 23, 2019, McWay, pro se, filed a motion to "vacate" costs. (Doc. No. 131). That same day, the trial court denied McWay's motion. (Doc. No. 132).

{¶4} On October 21, 2019, McWay filed a notice of appeal. (Doc. No. 135). He raises one assignment of error for our review.

**Assignment of Error**

**Trial court erred when it imposed court cost without assessing the defendant's ability to pay. State-v-Maloy 6th dist. Lucas no. L-10-1350,2011-Ohio-6919,14 citing State-v-Jobe 6th dist. Lucas no. L-07 -1413,2009-Ohio-4066,80.**

---

[1] In McWay's direct appeal, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618.

{¶5} In his assignment of error, McWay argues that the trial court erred by denying his motion to "vacate" costs. Specifically, McWay argues that "the trial court did not make a determination during sentencing in regards to [his] assets, education, employment history or ability to pay, and [he] has been sentenced to life without parole." (Appellant's Brief at 2).

*Standard of Review*

{¶6} We review a trial court's decision denying an indigent criminal defendant's post-judgment motion to waive, suspend, or modify payment of costs under an abuse-of-discretion standard. *State v. Burmeister*, 11th Dist. Portage No. 2019-P-0053, 2019-Ohio-4927, ¶ 12; *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph four of the syllabus, *superseded by statute on other grounds*, *State v. Braden*, ___ Ohio St.3d ___, 2019-Ohio-4204. *See also Braden* at ¶ 30. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶7} "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 239. If a defendant moves to waive, suspend, or modify costs, the trial court, in its discretion, may waive, suspend, or modify payment of those costs. *State v. Hanford*, 8th Dist. Cuyahoga No. 106220, 2018-Ohio-1309, ¶ 17,

*citing State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 13 and *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. A "trial court 'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or any time thereafter.'" *Id.*, quoting R.C. 2947.23(C).

{¶8} In this case, the trial court denied McWay's motion after concluding that he "has a present or future ability to pay the court costs imposed. Pursuant to Ohio Admin. Code 5120-3-05, [McWay] can get paid if he works while in prison." (Doc. No. 132). Because the trial court considered whether to exercise its discretion to waive McWay's costs under R.C. 2947.23(C), we cannot say that the trial court abused its discretion by denying McWay's motion.[2] *See State v. Montgomery*, 8th Dist. Cuyahoga No. 108179, 2019-Ohio-4790, ¶ 19-20; *State v. Kelley*, 5th Dist. Stark No. 2018CA00062, 2018-Ohio-5372, ¶ 19; *State v. Braden*, 10th Dist. Franklin No. 17AP-48, 2019-Ohio-5256, ¶ 1, 5 (remanding the case to the trial court for it to consider "whether to exercise its discretion to waive Braden's court costs pursuant to R.C. 2947.23(C)" following the Supreme Court of Ohio's conclusion that the statute "'authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date'"), quoting *Braden*, ___

---

[2] The Supreme Court of Ohio is presently considering what a trial court must consider when exercising its discretion in ruling on a post-judgment motion to waive, suspend, or modify the payment of court costs. *State v. Taylor*, 153 Ohio St.3d 1467, 2018-Ohio-3450; *State v. Taylor*, 154 Ohio St.3d 1463, 2018-Ohio-5209.

Ohio St.3d ___, 2019-Ohio-4204, at ¶ 31. *See also State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 12; *State v. Taylor*, 2d Dist. Montgomery No. 27539, 2018-Ohio-1649, ¶ 19, *appeal accepted*, 153 Ohio St.3d 1467, 2018-Ohio-3450.

{¶9} McWay's assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**