[Cite as *State v. Walker*, 2011-Ohio-5270.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96305

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY WALKER

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case CR-466934

**BEFORE:**   Boyle, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   October 13, 2011

**FOR APPELLANT**

Gregory Walker, pro se
Inmate No.   502-304
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio   45699


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   T.   Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, P.J.:

{¶ 1}   Defendant-appellant, Gregory Walker, appeals from the trial court's order denying his motion to vacate court costs.[1]   Finding no merit to his appeal, we affirm.

{¶ 2}   In 2006, Walker was convicted of murder with firearm specifications, and having a weapon while under a disability.   The trial court sentenced him to 23 years to

---

[1]Walker titled his motion: "Motion to Vacate Fines/Court Costs."   But the trial court did not order him to pay fines as part of his sentence.   Thus, we will only refer to court costs.

life in prison. The trial court also ordered Walker to pay court costs. Walker appealed his convictions, which this court upheld. See *State v. Walker*, 8th Dist. No. 87968, 2007-Ohio-3772, appeal not accepted for review, 116 Ohio St.3d 1458, 2007-Ohio-6803, 878 N.E.2d 35. Walker did not raise the issue of court costs in his direct appeal.

{¶ 3} At some point in 2007 (the motion is not in the record), Walker filed a motion to vacate court costs. The trial court denied Walker's motion on October 31, 2007 (the judgment entry denying Walker's motion is in the record). In November 2010, Walker again moved the trial court to vacate court costs. The trial court denied his motion. Walker appealed this denial, which is the subject of the present appeal. He raises a single assignment of error:

{¶ 4} "The trial court erred when it denied appellant's motion to vacate fines and court cost[s], when the court failed to impose court cost[s] in open court but incorporated court cost[s] in appellant's journal entry, as a result the court deprived appellant of his fourteenth amendment rights to the U.S. Constitution."

{¶ 5} R.C. 2947.23 governs the imposition of court costs on a criminal defendant. Pursuant to R.C. 2947.23(A)(1), a trial court must include "in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Id. Further, Crim.R. 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence ***."

**{¶ 6}** A defendant's indigency does not shield him from the payment of court costs. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶1. Court costs must be assessed against all defendants. Id.; *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393; R.C. 2947.23. Although a judge has discretion to waive court costs assessed against an indigent defendant, such a person ordinarily "must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then

**{¶ 7}** the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Threatt* at ¶22.

**{¶ 8}** Walker argues that although the trial court ordered him to pay court costs in the sentencing entry, the trial court failed to orally inform him at the sentencing hearing that he would have to do so. In support of his argument, he cites to the Ohio Supreme Court's decision in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

**{¶ 9}** In *Joseph*, the Supreme Court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. Id. at ¶22. The Court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. Id.

**{¶ 10}** Significantly, however, *Joseph* was decided in the context of a *direct appeal* from a resentencing judgment. The Supreme Court said nothing in *Joseph* to suggest that a trial court's failure to orally notify a defendant in open

**{¶ 11}** court before imposing court costs can be corrected after the appeal period expires. See *State v. Brown*, 8th Dist. No. 95048, 2011-Ohio-1096 (addressing the exact same argument that Walker now raises). The appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry and the defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding. *Brown* at ¶5; *State v. Lunsford*, 2d Dist. No. 24122, 2011-Ohio-964, ¶13.

**{¶ 12}** Here, Joseph failed to raise the issue of court costs in his direct appeal. Accordingly, this court is barred by the doctrine of res judicata from addressing it.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A.  ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR