[Cite as *State v. Walker*, 2014-Ohio-4841.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101213

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GREGORY L. WALKER**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-466934-A

**BEFORE:** Jones, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**FOR APPELLANT**

Gregory L. Walker
#502-304
Warren Correctional Institution
5787 State Route 63
Lebanon, Ohio 45036


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Gregory Walker appeals from the trial court's order denying his motion to set up a payment plan to pay his court costs. We affirm.

{¶2} In 2006, Walker was convicted of murder with firearm specifications and having a weapon while under disability. The trial court sentenced him to 23 years to life in prison and ordered Walker to pay court costs. Walker appealed his convictions, which this court upheld. *State v. Walker*, 8th Dist. Cuyahoga No. 87968, 2007-Ohio-3772.

{¶3} Walker subsequently filed a motion to vacate his court costs, which the trial court denied. He appealed that issue, but this court affirmed the trial court's order, finding that since Walker failed to raise the issue of court costs on direct appeal, the court was barred by res judicata from addressing the issue. *State v. Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270, ¶ 12.

{¶4} In January 2014, Walker filed a motion with the trial court to establish a payment plan for his court costs. In his request, Walker sought an order from the trial court to permit the clerk of courts to enter into a payment plan agreement with Walker. Walker stated he would establish a payment plan if the clerk of courts ordered the Ohio Department of Rehabilitation and Correction to stop withholding funds from his inmate account. He proposed a plan by which he would voluntarily send a monthly payment of ten dollars to the clerk of courts. The state opposed Walker's motion and the trial court denied it.

{¶5} Walker filed a notice of appeal and raises the following assignments of error for our review:

> I. Did the trial court abuse its discretion when it denied Mr. Walker's motion titled "request for an order for payment plan in regard to court costs" and does the trial court [have] the authority to order a payment plan.

II.    Does the Prosecutor have a duty to urge a payment plan from a defendant/prisoner when costs [are] imposed in a criminal case when no other methods are available to collect court costs.

**{¶6}** In his assignments of error, Walker argues that the trial court abused its discretion when it refused to allow the the clerk of courts to establish a payment plan for him to pay court costs and the prosecutor had a duty to urge the trial court to set up such a plan.    We disagree.

**{¶7}** In *Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270, this court held that "[t]he appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry and the defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding."    *Id.* at ¶ 11, citing *State v. Brown*, 8th Dist. Cuyahoga No. 95048, 2011-Ohio-1096.

**{¶8}** In the present case, Walker was aware at the time he brought his first appeal that the court had imposed costs.    Therefore, because he could have raised the instant challenge in his direct appeal, but did not, his claims are barred by res judicata.    *See Brown* at ¶ 8, citing *State v. McDowell*, 3d Dist. Mercer No. 10-06-34, 2007-Ohio-5486, ¶12.

**{¶9}** Further, the recent amendment to R.C. 2947.23(C) does not operate so as to require the trial court to devise a payment plan.    The most recent version of R.C. 2947.23(C), which went into effect on March 22, 2013, grants trial courts discretion to waive, suspend, or modify the payment of court costs at sentencing or at any time thereafter.    Here, the trial court imposed court costs when Walker was sentenced in 2006.    Therefore, revised R.C. 2947.23(C) does not apply.    Even if it did, pursuant to the statutory provision now in effect, the trial court retains the discretion to refuse to waive, suspend, or modify the payment of court costs.

**{¶10}** Walker also cannot convince this court that the prosecutor had a duty to recommend the court devise a payment plan. Walker argued that R.C. 309.08(A), which provides that a prosecutor is required to "faithfully urge the collection (of fines and costs) until it is effected or found to be impracticable to collect," required the prosecutor to urge the court to set up a payment plan. But R.C. 309.08(A) does not require a prosecutor to advocate on Walker's behalf. Moreover, because Walker was sentenced and ordered to pay court costs in 2006 and did not object to court costs at that time, the trial court was without authority to devise, or permit the clerk of courts to establish, a payment plan.

**{¶11}** The assignments of error are overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR