IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                 :          Case Nos.  16CA15
                                     16CA16

    vs.                                 :

MICHAEL M. HUCKLEBY,                        :          DECISION & JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Timothy P. Gleeson, Logan, Ohio, for appellant.

Jason D. Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:10-18-18
ABELE, J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. The jury found Michael M. Huckleby, defendant below and appellant herein, guilty of (1) failure to appear in violation of R.C. 2937.99(A), (2) obstruction of official business in violation of R.C. 2921.31(A), and (3) vandalism in violation of R.C. 2909.05(B)(2).[1]

{¶ 2} In Case Number 16CA16, appellant assigns five errors for review:

---

[1]The charge that initiated appellant's contact with the trial court is the charge for the assault of an emergency medical service worker. See R.C. 2903.13(A). When appellant did not timely appear in court for his trial on the assault charge, additional charges were brought against him that form the basis of this appeal. Appellant was also convicted of the assault charge, but he did not appeal that judgment.

FIRST ASSIGNMENT OF ERROR:

"THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION OF FAILURE TO APPEAR, R.C. 2937.99."

SECOND ASSIGNMENT OF ERROR:

"AN ERRONEOUS JURY INSTRUCTION OMITTING THREE ESSENTIAL ELEMENTS OF THE OFFENSE OF FAILURE TO APPEAR DEPRIVED HUCKLEBY OF DUE PROCESS, WHETHER BY PLAIN ERROR ANALYSIS OR BY INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT."

THIRD ASSIGNMENT OF ERROR:

"THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION OF VANDALISM, R.C. 2909.05(B)(2)."

FOURTH ASSIGNMENT OF ERROR:

"AN ERRONEOUS JURY INSTRUCTION OMITTING THE DEFINITION OF SERIOUS PHYSICAL HARM TO PROPERTY, AN ESSENTIAL ELEMENT OF VANDALISM, DEPRIVED HUCKLEBY OF DUE PROCESS, WHETHER BY PLAIN ERROR ANALYSIS OR BY INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT."

FIFTH ASSIGNMENT OF ERROR:

"HUCKLEBY WAS DENIED HIS RIGHT TO DUE PROCESS WHEN HIS TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO MOVE THE TRIAL COURT TO WAIVE THE IMPOSITION OF COURT COSTS."

In Case Number 16CA15, appellant assigns one error for review:

"MICHAEL M. HUCKLEBY WAS DENIED HIS RIGHT TO DUE PROCESS WHEN HIS TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO MOVE THE TRIAL COURT TO WAIVE THE IMPOSITION OF COURT COSTS."

{¶ 3} On December 8, 2015, a Gallia County Grand Jury returned an indictment that charged

appellant with one count of the assault of an emergency medical service worker in violation of R.C. 2903.13(A). Appellant entered a not guilty plea and the trial court released him on his own recognizance. The court also found appellant to be indigent and appointed counsel to represent him.

{¶ 4} The trial court scheduled appellant's jury trial for April 20, 2016 at 9:00 a.m. Later, the court continued the trial date to June 1, 2016 at 9:00 a.m. The court once again continued the case to June 13, 2016 at 9:00 a.m. On June 13, 2016, the court issued an entry that provides:

> "This matter came on for a jury trial on the 13th day of June, 2016. Present was Eric. R. Mulford, Assistant Prosecuting Attorney and W. Graham Woodyard, Attorney for Defendant. The Defendant, Michael M. Huckleby, failed to appear. It is, therefore, ordered that a warrant be issued for the arrest of the Defendant for failure to appear."

{¶ 5} Subsequently, a Gallia County Grand Jury returned an indictment that charged appellant with (1) one count of failure to appear in violation of R.C. 2937.99(A), (2) one count of obstruction of official business in violation of R.C. 2921.31(A), and (3) one count of vandalism in violation of R.C. 2909.05(B)(2). Appellant pled not guilty to the charges. Also, on July 1, 2016 appellant's counsel filed a motion to withdraw because he was no longer a subcontractor for the Gallia County Criminal Defense Group. The trial court substituted another appointed counsel to represent appellant.

{¶ 6} At appellant's jury trial, several witnesses testified about the assault charge (the charge that is not the subject of this appeal) and the additional charges. Gallia County Deputy Sheriff Sgt. Eric Werry testified that he had been dispatched to the scene of the assault, and was also scheduled as a witness for appellant's June 13, 2016 trial. Werry stated that the trial was scheduled to begin at 9:00 a.m., but appellant did not appear. Werry testified that "the defendant called in and said he'd be here like within 15 minutes uh, so we waited around until like a quarter after uh, twenty after and then probably around 9:30 that's when I was released" from the subpoena and "the defendant still wasn't

here."

{¶ 7} Gallia County Sheriff's Detective Deputy Chris Gruber testified that he assisted with booking appellant into jail on June 13, 2016, after appellant's arrest for failing to appear at trial. Gruber spoke to appellant for approximately fifteen minutes in an attempt to de-escalate the volatile situation, and to gain appellant's cooperation. Gruber testified that when he attempted to book appellant, he, appellant and Deputy Nick Clagg fell onto a cell bunk-bed while wrestling with appellant. Later, Gruber stated that he became aware that the facilities, including the bunk-bed and the toilet assembly, had been vandalized. Gruber testified that due to this damage, the cell block had to be taken out of operation for an extended period of time.

{¶ 8} Appellant testified that after his release on his own recognizance for the assault charge, he returned to Sidney, Ohio and returned to work. Appellant stated that he periodically received calls from his attorney, who told him that the case had been continued a few times, and that his trial was scheduled on June 13, 2016 at 10:00 a.m., and that he should plan to arrive at least thirty minutes early. Appellant stated that on his trial date, he traveled from Sidney and arrived in Gallipolis at approximately 9:20 a.m. When appellant did not see anyone in the hallway, he visited the Clerk's Office and learned that his trial had been scheduled for 9:00 a.m. At that point, appellant testified, he was taken downstairs and, as he tried to contact his attorney, deputies placed him in a holding cell. Appellant stated that after he was in the cell for 15 to 30 minutes, he became angry and confused, and asked again to see his attorney. Appellant stated that seven officers then entered the cell and "beat the hell out of me. They tackled me onto the bed, the Jerry Darst guy was punching me in my ribs telling me to stop resisting." Appellant testified that the officers punched him, choked him and eventually strapped him onto a chair. Appellant stated that three days later, authorities charged him

with vandalism, obstructing official business and the failure to appear for his trial.

{¶ 9} At the conclusion of the trial, the jury found appellant guilty of assault of an emergency medical worker in Case No. 15CR183. Also, in Case No. 16CR109, the jury found appellant guilty of failing to appear for his trial, obstructing official business and vandalism. The trial court sentenced appellant to serve (1) seventeen months in prison for the assault of an emergency medical service worker, (2) 17 months for his failure to appear, (3) 11 months for obstructing official business, and (4) 11 months for vandalism. The trial court further ordered that (1) all sentences be served consecutively for a prison sentence of four years and eight months, and (2) appellant pay $1,462 in court costs. This appeal followed.

I.

{¶ 10} Because appellant's first and second assignments of error raise related issues, we consider them together. In his first assignment of error, appellant contends that insufficient evidence supports his conviction for the failure to appear for the court proceeding. In his second assignment of error, appellant asserts that the trial court's jury instruction omitted essential elements of the offense of failure to appear. Thus, appellant contends he was prejudiced whether under the plain error standard or from ineffective assistance of counsel due to counsel's failure to object to the jury instructions.

{¶ 11} "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wright*, 4th Dist. Athens No. 15CA31, 2016-Ohio-7654, 74 N.E.3d 695, ¶ 22, quoting *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574

N.E.2d 492 (1991),paragraph two of the syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶ 12} When an accused is released on his own recognizance, a failure to appear, as required by such recognizance, constitutes a criminal offense. R.C. 2937.29 provides "(A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code." Appellant contends that the requisite mental state for a failure to appear charge is recklessness, but argues that the state appears to have presented evidence as if this crime is a strict liability offense. Appellant further notes that this court has previously held that, before a person can be convicted of the offense of failure to appear, the state must prove that the defendant knew, or should have known, of the hearing date. In *State v. Fitzpatrick*, 4th Dist. Scioto No. 01CA2765, 2001-Ohio-2619, we acknowledged that R.C. 2937.99 does not specify a requisite mental state. "In that case, and absent a plain indication of a purpose to impose strict liability, 'recklessness' is the degree of culpability which must be proven. See R.C. 2901.21(B)." *Id.* at 6. *See also State v. Platz*, 4th Dist. Washington No. 00CA36, 2001-Ohio-2541, footnote 3, and *State v. Balas*, 68 Ohio App.3d 524, 526-527, 589 N.E.2d 86 (9th Dist.1990).

{¶ 13} In the case sub judice, the trial court scheduled appellant's trial for 9:00 a.m. on June 13, 2016. When appellant did not appear, the court issued a bench warrant. Appellant, however, argues that he appeared at 9:30 a.m. and, as a result of communication with his counsel, he expected his trial to begin at 10:00 a.m. At this juncture, it is important to observe that the state did not present any testimony or other evidence regarding appellant's knowledge about the 9:00 a.m. scheduled trial. While we certainly understand that the court intended for the trial to begin promptly

at 9:00 a.m., the prosecution had the burden to actually produce evidence to prove the fact that appellant had been informed of the date and time of the trial. It did not. Thus, we must conclude that insufficient evidence exists to prove that appellant knew, or should have known, that the court had scheduled the trial to begin at 9:00 a.m. rather than, as he testified, at 10:00 a.m. Thus, we sustain appellant's first assignment of error.

{¶ 14} With regard to the trial court's jury instruction for failure to appear, appellant contends that the instruction failed to (1) address the requisite mental state and, thus, gave the impression that the offense is a strict liability offense, (2) address the essential element of release on an own recognizance bond and define what an own recognizance bond is, and (3) address the necessary factual finding to determine the level of the offense.

{¶ 15} In *Fitzpatrick*, we noted that our review of the transcript revealed no jury instruction regarding a culpable mental state, which we held constituted error and reversed the conviction. *Id.* at 6. Similarly, our review of the transcript in the case sub judice reveals no instruction regarding the culpable mental state for the offense of failing to appear for trial. Consequently, we agree with appellant that the jury instruction failed to address the requisite mental state and failed to fully define the recognizance bond.

{¶ 16} Appellant further asserts that pursuant to R.C. 2937.99, if the release is in connection with a felony charge a failure to appear offense is a fourth-degree felony, but if the release is in connection with a misdemeanor charge a failure to appear offense is a first degree misdemeanor. Appellant points out that the state did not submit any evidence at trial concerning the level of the offense for which appellant was released on his own recognizance. Our review of the December 8, 2015 indictment reveals that appellant was charged with one count of the assault of an emergency

medical service worker in violation of R.C. 2903.13(A), a fourth-degree felony. Thus, the corresponding fourth-degree felony charge for failure to appear is proper. However, it does appear that the state did not present evidence of this fact at trial.

{¶ 17} Generally, errors or defects that affect substantial rights may be noticed, even though they were not brought to a trial court's attention. Crim.R. 52(B). A defendant has the burden to satisfy the plain error rule, and a reviewing court may review the entire record when it considers the effect of any error on substantial rights. *State v. Delawder*, 4th Dist. Scioto No. 10CA 3344, 2012-Ohio-1923, ¶ 22, quoting *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 22. For a reviewing court to find plain error, (1) there must be an error, i.e., "a deviation from a legal rule," (2) the error must be plain, i.e., "an obvious defect in the trial proceedings," and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *Delawder*, *id., State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. A defective jury instruction will not generally rise to the level of plain error unless, but for the alleged erroneous instruction, a defendant shows that the outcome of the trial would have been different. *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1993). In the case sub judice, our review of the record reveals that the lack of a jury instruction to address the requisite culpable mental state for the failure to appear offense also constitutes error. Here, had the jury been properly instructed, and had it followed the instruction, the outcome of the trial would have been different in view of the absence of any evidence to address the requisite mental state. See, generally, *State v. Pettit* (July 5, 2000), Vinton No. 99CA529, unreported, 2000 WL 8997993.

{¶ 18} Accordingly, we sustain appellant's first and second assignments error and reverse appellant's judgment of conviction for the offense of failure to appear at trial.

II.

{¶ 19} Because appellant's third and fourth assignments of error raise related issues, we address them together. In his third assignment of error, appellant asserts that insufficient evidence supports his conviction for vandalism. In his fourth assignment of error, appellant contends that the trial court's jury instruction omitted the definition of serious physical harm to property, an essential element of the offense of vandalism, and prejudiced appellant whether under a plain error analysis or for ineffective assistance of counsel due to the failure to object.

{¶ 20} Once again, we reiterate that to determine whether the evidence is sufficient to support a verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." *Id.* at 273, 574 N.E.2d 492.

{¶ 21} In the case sub judice, appellant was charged with vandalism in violation of R.C. 2909.05(B)(2) which provides: "No person shall knowingly cause serious physical harm to property that is owned, leased, or controlled by a governmental entity. A governmental entity includes, but is not limited to, the state or a political subdivision of the state, a school district, the board of trustees of a public library or public university, or any other body corporate and politic responsible for governmental activities only in geographical areas smaller than that of the state." Thus, the culpable mental state for a R.C. 2909.05(B)(2) violation is knowingly.

{¶ 22} With regard to his vandalism conviction, appellant argues that the evidence is insufficient in two ways (1) the lack of a requisite mental state, and (2) the lack of any definition for

the element of serious physical harm to property. At trial, Deputy Gruber testified that he entered appellant's cell, along with Deputy Clagg, and attempted to restrain appellant. Apparently, appellant had attempted to video record them with his cell phone. Gruber testified that he and Clagg tackled appellant and the three men fell onto the bunk-bed. Gruber testified that the following day, he inspected the cell block and became aware that the facilities had been vandalized. Gruber also took photos - Exhibit 7 showed the toilet and sink, 8 the bunk-bed, and 9 the damage to the bottom bunk. Gruber further testified that because of this damage, the cell block had to be taken out of operations for an extended period of time.

{¶ 23} Appellant asserts that, although his obstruction may have in some way contributed to the damage, he did not knowingly cause the damage. However, the trial court gave the jury an instruction on the culpable mental state (knowingly) and the jury, as the trier of fact, determined that appellant knowingly caused the damage to the holding cell. More importantly, however, appellant asserts that R.C. 2909.05(F)(2) specifically defines "serious physical harm" to property as physical harm to property that results in loss to value of the property of one thousand dollars or more. Appellant points out that the state did not present evidence to identify the dollar value of loss to the property, and that the trial court omitted from the jury instructions the definition of "serious physical harm" to property. Appellant thus contends that the jury did not know that it had to find that the value of the loss to the property was at least one thousand dollars.

{¶ 24} After our review, we agree with appellant that the jury instructions did not define "serious physical harm to property." Moreover, the state did not present evidence concerning the statutory element of serious physical harm pertaining to the dollar amount of the damage. The failure to include in the jury instructions the definition of "serious physical harm," as defined in R.C.

2909.05(F)(2), constitutes plain error.  See *State v. Mauri,* 11th Dist. Ashtabula No. 97-A-0045, 1998 WL 553158, *6.  It also appears that in the case sub judice had the jury been properly instructed and had the jury followed the instruction, the outcome of the trial would have been different in light of the absence of any evidence presented at trial concerning the monetary value of the harm.  Finally, due to the lack of evidence submitted at trial, insufficient evidence was adduced in support of the vandalism charge.

{¶ 25} Accordingly, we sustain appellant's third and fourth assignments of error and reverse appellant's judgment of conviction for vandalism.

III.

{¶ 26} In his fifth assignment of error in Case No. 16CA16, and his sole assignment of error in Case No. 16CA15, appellant contends that he was denied his right to the effective assistance of counsel when counsel failed to request the trial court to waive the imposition of court costs.  Because these assignments of error raise related issues, we consider them together.

{¶ 27} In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the standard to evaluate ineffective assistance claims.  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id*. at 687-688.  Further, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 28} As the Supreme Court of Ohio instructed in *State v. Sanders*, 94 Ohio St.3d 150, 761

N.E.2d 18 (2002), "*Strickland* charges us to '[apply] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, and to 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' *id*. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. * * * [W]e note that courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695." *Sanders* at 151.

{¶ 29} R.C. 2947.23(A)(1) provides: "In all criminal cases, including violations or ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Costs must be assessed against all defendants. R.C. 2947.23; *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

{¶ 30} "R.C. 2947.23 formerly required a defendant to request a waiver of costs at the time of sentencing." *State v. Moore*, 4th Dist. Scioto No. 15CA3717, 2016-Ohio-8274, ¶ 40, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus; *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 14; *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 15. However, the statute has been amended so that a defendant no longer must request a waiver of costs at the time of sentencing. *State v. Walker*, 4th Dist. Athens No. 16CA26, 2017-Ohio-8814, ¶ 37. "Now, the trial court 'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution at the time of sentencing or at any time thereafter.'" *Moore* at ¶ 14, citing R.C. 2947.23(c); *accord Farnese* at ¶ 12, citing *State v. Hawkins,* 4th Dist. Gallia No. 13CA3, 2014-Ohio-1224, ¶ 18; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. "Thus, 'a defendant is no longer required to move for a waiver of court

costs at the sentencing hearing or waive it.'" *Id.*, citing *Farnese* at ¶ 15. "As a result, ineffective assistance of trial counsel claims based upon a failure to request a waiver of costs at the time of sentencing have become difficult - if not impossible- to establish." *Id.*, citing *Farnese* at ¶ 15; *accord State v. Weddington*, 4th Dist. Scioto No. 15CA3695, 2015-Ohio-5249, ¶ 23 and *State v. Walker*, 4th Dist. Athens No. 16CA26, 2017-Ohio-8814, ¶ 37.

**{¶ 31}** In the case sub judice, because appellant has not lost the ability to seek a waiver of costs under R.C. 2947.23(c), he cannot demonstrate prejudice. *Moore* at ¶ 42 ("[E]ven if the court could state that trial counsel performed deficiently by failing to request a waiver at sentencing, appellant cannot demonstrate prejudice. Appellant has not lost the ability to seek a waiver of costs [under R.C. 2947.23(c)]."); *State v. Savage*, 4th Dist. Meigs No. 15CA2, 2015-Ohio-4205, ¶ 32 (defendant not precluded from now seeking waiver of the payment of costs based on claimed indigency since R.C. 2947.23(c) was amended); *State v. Williams,* 3d Dist. Auglaize No. 2-13-31, 2014-Ohio-4425, ¶ 17 (determining that any error trial counsel made by failing to object to costs at sentencing not prejudicial when appellant retained the ability to seek waiver under court's continuing jurisdiction granted in R.C. 2947.23(c); *see State v. Walker*, 4th Dist. Athens No. 16CA26, 2017-Ohio-8814, ¶ 38. Therefore, appellant is unable to demonstrate a claim of ineffective assistance of counsel and we overrule appellant's fifth assignment of error in Case No. 16CA15. However, as for the assignments of error that relate to Case No. 16CA16, in light of our disposition of the assignments of error and the reversal of the judgment of conviction and sentence, these matters have been rendered moot.

IV.

**{¶ 32}** In summary, based upon the foregoing reasons, we reverse appellant's judgment of

conviction and sentence and, because of the insufficient evidence determinations, we discharge

appellant for (1) the failure to appear in violation of R.C. 2937.99(A), and (2) vandalism in violation

of R.C. 2909.05(B)(2).

<div style="margin-left:50%">

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART, AND CAUSE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH
THIS OPINION.

</div>

[Cite as *State v. Huckleby*, **2018-Ohio-4438**.]

JUDGMENT ENTRY

It is ordered that the judgment is affirmed in part, reversed in part, and cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.