[Cite as *State v. Adkins*, 2021-Ohio-2075.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 19CA4 |
| vs. | : | |
| RUSSELL L. ADKINS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.[1]

Brigham M. Anderson, Lawrence County Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-11-21
ABELE, J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. Russell L. Adkins, defendant below and appellant herein, assigns the following error for review:

> "THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY DEPRIVING DEFENDANT-APPELLANT OF HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I, OHIO CONSTITUTION."

---

[1] Different counsel represented appellant during the trial court proceedings.

{¶ 2} Brandy Miller and Larry Stephenson lived together and had been involved in a romantic relationship. After their relationship soured, Miller looked to appellant for companionship. Late one night in December 2017, after appellant and Miller engaged in sexual relations, they visited the house that Miller shared with Stephenson. Upon entering the house, appellant beat Stephenson until he became unconscious, removed his body from the residence, tied him up and left him to die in an abandoned, freezing-cold house. Appellant later confessed to officers and provided information that led to the discovery of the victim's body.

{¶ 3} On December 20, 2017, a Lawrence County Grand Jury considered the prosecution's evidence and returned an indictment that charged appellant with (1) aggravated murder, in violation of R.C. 2903.01(B); (2) kidnapping, in violation of R.C. 2905.01(A)(2); and (3) tampering with evidence, in violation of R.C. 2921.12(A)(1).

{¶ 4} At his jury trial, appellant did not dispute that he physically assaulted Stephenson, removed him from his residence, and left him tied up in an abandoned house. Appellant, however, claimed that he did not intend for the victim to die.

{¶ 5} After the parties presented evidence, the trial court instructed the jury on the offense of aggravated murder:

> "In count one, the defendant is charged with aggravated murder. It's an unclassified felony. Before you can find the defendant guilty of aggravated murder, you must find beyond a reasonable doubt that * * * the defendant purposely caused the death of Larry Stephenson while committ[ing] or attempting to commit, or while fleeing immediately after committing, or attempting to commit kidnapping."

A short time later, the court stated:

> "Before you can find that the defendant was committing or attempting to commit aggravated murder, you must find beyond a reasonable doubt that the defendant * * * did purposely cause the death of Larry Stephenson while

> committing or attempting, or attempting * * * to commit, or while fleeing immediately [after] committing or attempting to commit felonious assault, aggravated murder, or kidnapping."

The court then defined the offenses of kidnapping and tampering with evidence. The court also informed the jury that count two of the indictment charged appellant with "kidnapping, a felony of the first degree," and count three with "tampering with evidence, a felony of the third degree." Appellant did not object to the jury instructions.

{¶ 6} On December 19, 2018, the jury found appellant guilty of all three offenses as charged in the indictment: (1) aggravated murder; (2) kidnapping; and (3) tampering with evidence. The trial court (1) sentenced appellant to serve life in prison without parole for aggravated murder, (2) merged the kidnapping offense with the aggravated murder conviction, and (3) sentenced appellant to serve three years in prison for the tampering with evidence offense. This appeal followed.

{¶ 7} In his sole assignment of error, appellant asserts that the trial court erred when it instructed the jury. In particular, appellant argues that the court (1) incorrectly instructed the jury that it could convict appellant of aggravated murder for committing felonious assault, when the indictment did not allege that appellant committed aggravated murder by reason of felonious assault, and (2) erroneously included the degree of the offenses in the jury instructions and verdict forms. Appellant contends that informing the jury of the particular degree of each offense allowed the jury to consider the level of punishment that should be imposed upon appellant. Appellant points out that the responsibility for punishment for a criminal offense rests with the court, and not a matter for the jury to consider. Appellant does recognize that trial

counsel did not object to the jury instructions, but argues that the court plainly erred when it instructed the jury.

A

{¶ 8} We initially observe that Crim.R. 30(A) provides:

> On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.

Appellate courts ""'"will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Thus, a defendant's failure to object to a particular jury instruction forfeits all but plain error. *State v. White*, 142 Ohio St.3d 277, 29 N.E.3d 939, 2015–Ohio–492, 29 N.E.3d 939, ¶ 57, citing *State v. Davis*, 127 Ohio St.3d 268, 2010–Ohio–5706, 939 N.E.2d 147, ¶ 24; *State v. Steele*, 138 Ohio St.3d 1, 2013–Ohio–2470, 3 N.E.2d 135, ¶¶ 29–30; *State v. Eafford*, 132 Ohio St.3d 159, 2012–Ohio–2224, 970 N.E.2d 891, ¶ 11; *State v. Bundy*, 2012–Ohio–3934, 974 N.E.2d 139, ¶ 65 (4th Dist.).

{¶ 9} In general, appellate courts have discretion to consider "[p]lain errors or defects affecting substantial rights." Crim.R. 52(B); *e.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27; *Quarterman* at ¶ 16. "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights," i.e., the trial court's error must

have affected the outcome of the trial. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 62, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "We take '[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Obermiller* at ¶ 62, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Reversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). "A defective jury instruction will not generally rise to the level of plain error unless, but for the alleged erroneous instruction, a defendant shows that the outcome of the trial would have been different." *State v. Huckleby*, 4th Dist. Gallia No. 16CA15, 2018-Ohio-4438, 2018 WL 5780958, ¶ 17, citing *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994).

{¶ 10} In the case sub judice, after our review of the record, counsels' arguments, and the trial court's jury instructions, we do not believe that any error that the trial court may have committed affected the outcome of the trial. "When we review a trial court's jury instructions, we may not judge 'a single instruction to a jury * * * in artificial isolation,' but we must view it 'in the context of the overall charge.'" *State v. Stephenson*, 4th Dist. Adams No. 12CA936, 2013–Ohio–771, ¶ 20, quoting *State v. Madrigal*, 87 Ohio St.3d 378, 396, 721 N.E.2d 52 (2000). Thus, any part of the instructions that a party claims "to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge." *State v. Hardy*, 28 Ohio St.2d 89, 92, 276 N.E.2d 247 (1971). "'[M]isstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party.'" *State v.*

LAWRENCE, 19CA4

*Horne*, 9th Dist. Summit No. 24672, 2010-Ohio-350, ¶ 19, quoting *Wozniak v. Wozniak*, 90 Ohio

App.3d 400, 410, 629 N.E.2d 500 (9th Dist.1993).  Consequently, "[i]f from the entire charge it

appears that a correct statement of the law was given in such a manner that the jury could not

have been misled, no prejudicial error results."  *Hardy*, 28 Ohio St.2d at 92.

{¶ 11} In the case sub judice, appellant asserts that the trial court gave the jury an

incorrect statement of the law when it instructed the jury on the elements of aggravated murder.

In particular, appellant argues that the court wrongly informed the jury that it could convict him

of aggravated murder if the jury found that appellant caused the victim's death while committing

felonious assault.

{¶ 12} R.C. 2903.01(B) defines aggravated murder as follows:

> [N]o person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape.

The trial court's initial aggravated murder jury instruction tracked the language of R.C.

2903.01(B) and did not mention felonious assault.  However, shortly after the court gave the jury

an aggravated murder instruction that tracked the R.C. 2903.01(B) language, the court also

stated:

> Before you can find that the defendant was committing or attempting to commit aggravated murder, you must find beyond a reasonable doubt that [appellant] * * * did purposely cause the death of Larry Stephenson while committing or attempting * * * to commit, or while fleeing immediately [after] committing or attempting to commit felonious assault, aggravated murder, or kidnapping.

{¶ 13} Although it does appear, as appellant contends, that during this second instruction the trial court may have misstated the elements that constitute the offense of aggravated murder by including felonious assault, we do not believe that the trial court's misstatement requires a reversal of appellant's conviction.

{¶ 14} In *Campbell*, *supra*, the Ohio Supreme Court determined that plain error did not exist when a trial court gave a confusing foreseeability instruction in an aggravated murder case. The defendant asserted that the trial court's instructions may have caused the jury to believe that the defendant did not need to possess a specific intent to kill. The *Campbell* court, however, disagreed with the defendant's argument and observed that the trial court also instructed the jury that it must find that the defendant had a specific intent to kill. The court also rejected the defendant's assertion that any uncertainty as to whether the jury followed the correct instruction should be resolved in the defendant's favor. The court, however, determined that resolving uncertainty in the defendant's favor would "be inconsistent with plain error analysis." *Id.* at 49. Instead, the court stated that in order to prevail, a defendant must establish that the trial's outcome "clearly would have been different but for the alleged errors." *Id.* The court thus concluded that the challenged instructions did not "demonstrably determine" the outcome. *Id.* The court noted that, in addition to the confusing instruction, the trial court gave another instruction that contained a correct statement of the law. Consequently, because it is impossible to know whether the jurors applied the correct instruction or the incorrect instruction, the court could not say that the jury would have acquitted the defendant in the absence of the confusing instruction.

{¶ 15} In *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, the trial court gave the jury a foreseeability instruction in an aggravated murder case. The Ohio Supreme Court recognized that because aggravated murder requires a purpose to kill, a foreseeability instruction in an aggravated murder case may confuse a jury. *Id.* at ¶ 105. The court nevertheless concluded that the foreseeability instruction did not constitute plain error when the trial court's instructions otherwise made clear that the jury must find that the defendant had a purpose to kill. *Id.*

{¶ 16} In the case sub judice, we do not believe that the trial court's misstatement, that occurred after its correct instruction regarding the elements of aggravated murder, constitutes plain error. Before the trial court referenced felonious assault in the context of the aggravated murder offense, the court had given the jury an aggravated murder instruction that contained a correct statement of the law. We do not believe that the misstatement led the jury to convict appellant of the wrong offense, or that the misstatement otherwise affected the trial's outcome. The state presented undisputed evidence that appellant physically assaulted the victim until he became unconscious, removed the victim's body from the victim's home, and left the victim to die alone in an abandoned house. Appellant also confessed to the acts that he committed and he led investigators to the victim's body. Here, we do not believe that the trial court's misstatement had any reasonable chance to improperly influence the jury's aggravated murder verdict so as to conclude that the misstatement constitutes plain error.

{¶ 17} Therefore, as in *Campbell*, although it is impossible to know whether the jury could have considered the correct aggravated murder instruction or the instruction that

LAWRENCE, 19CA4

mentioned felonious assault, appellant cannot establish that the jury would have acquitted him in the absence of the second instruction.

{¶ 18} Appellant also asserts that the trial court committed plain error by including the degree of each offense in the jury instructions and on the verdict forms. Appellant argues that this information permitted the jury to improperly consider the severity of the punishment to impose upon appellant. Appellant, however, does not cite any authority to support his argument that a trial court errs when its jury instructions includes the degree of each criminal offense charged in an indictment. In general, this court will not perform independent research in order to create an argument. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (stating that ""appellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as arbiters of legal questions presented and argued by the parties before them""); *accord State v. Lykins*, 4th Dist. Adams No. 18CA1079, 2019-Ohio-3316, 2019 WL 3891146, ¶ 57. "[W]e cannot write a party's brief, pronounce ourselves convinced by it, and so rule in the party's favor. That's not how an adversarial system of adjudication works." *Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013) (discussing inadequacies of appellate brief). We therefore reject appellant's argument regarding this issue (i.e., including the degree of a criminal offense in the court's jury instructions or on the verdict forms constitutes plain error) due to the lack of any legal authority to support this position. *See In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011–Ohio–2638, 951 N.E.2d 751, ¶ 14 (failure to cite legal authority or present an argument that a legal

authority applies on these facts and was violated * * * is grounds to reject [a] claim); *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015–Ohio–119, 2015 WL 223007, ¶ 33 ("It is within our discretion to disregard any assignment of error that fails to present any citations to cases or statutes in support.").

{¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

LAWRENCE, 19CA4

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.